The Honorable Shane Broadway State Representative 201 S.E.2d Street Bryant, Arkansas 72202-4025
Dear Representative Broadway:
This is in response to your request for an opinion on whether the City of Bryant, under existing ordinances of that City, may cease participation in the current 911 system of Saline County and perform the 911 function on its own.
It is my opinion that this question cannot be answered without detailed reference to the existing arrangement between the parties.
An ordinance was passed in the City of Bryant in 1986 calling an election on the question of establishing and funding a 911 emergency system. See
Ordinance 86-7 and A.C.A. § 12-10-318. It is my understanding that currently, the City of Bryant participates in a 911 system with several other political subdivisions. The relevant subchapter of the Arkansas Code authorizes the creation of such centers, as follows:
 (a) The chief executive of each political subdivision shall determine if a 911 public safety communications center should be created and, if such a center is created, will designate the operating agency for the political subdivision.
 (b) The chief executive of the political subdivision may authorize or direct that a 911 public safety communications center be created or designate an existing dispatch center as the 911 public safety communications center for the political subdivision.
 (c) The 911 public safety communications center shall be the public safety answering point of the political subdivision and may serve as the public safety answering point for other political subdivisions as authorized in § 12-10-305.
"Multi-agency" and "multi-jurisdictional" answering points are discussed in A.C.A. § 12-10-305, as follows:
 (a)(1) The chief executive of the political subdivision may designate the 911 public safety communications center of another political subdivision either to serve his political subdivision as public safety answering point only and retain one (1) or more dispatch centers or to serve both public safety answering point and dispatch functions.
 (2) This designation shall be in the form of a written mutual aid agreement between the political subdivisions and will include the stipulation of the fair share of funding to be contributed by the political subdivision being served to the political subdivision operating the 911 public safety communications center.
* * *
 (4) If such a designation and mutual aid agreement has been made, an additional 911 communications center may not be created without official termination of the mutual aid agreement. [Emphasis added.]
This statute requires a written mutual aid agreement in the event of a multi-agency or multi-jurisdictional answering point or center. A new 911 center may not be created without the official termination of such an agreement.
Despite this requirement, it is my understanding that there is currently no such written mutual aid agreement evidencing the arrangement of the political subdivisions in Saline County. Ordinarily, as noted above, no new or separate 911 center could be established without the "official termination" of the written mutual aid agreement. Whether, and at what time, such an agreement could be terminated would presumably be governed by its written terms. Because there is currently no written mutual aid agreement in Saline County, I cannot determine, without reference to all the facts, whether and to what extent the City of Bryant may extricate itself from the current arrangement. The parties may be deemed to be operating under some type of verbal or implied agreement. The existence and contours of such an agreement are entirely factual. I cannot state as a legal matter, therefore, without reference to all the facts, whether the City of Bryant may unilaterally take the action you suggest. In rendering official legal opinions, I am neither equipped nor empowered as a factfinder.
The City may wish to consult the counsel it normally looks to for legal advice, with a view toward negotiations to resolve the matter. Failing that, resort to the judicial branch may be necessary.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh